UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00397-MOC-DCK

| | | |
|---|---|---|
| **DAVID FOSTER,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **PAILIN WILET** | ) | |
| **SHARON ISLEY** | ) | |
| **HORACE MANN INSURANCE COMPANY,** | | |
| | | |
| Defendants | ) | |

**THIS MATTER** is before the court on defendant Horace Mann Insurance Company's ("Horace Mann") Motion for Summary Judgment (#20). The court has considered the Motion and enters the following Order.

**(A) Background**

This case arises out of an automobile collision on July 20, 2012. Plaintiff was a passenger in car driven by defendant Pailin Wilet. That car was involved in a collision with another vehicle, driven by defendant Sharon Isley. Plaintiff was injured.

It is undisputed that plaintiff received a total of $100,000 for his injuries from the insurance companies involved in the collision. He received $30,000 from Wilet's insurance carrier. He also received $70,000 from Isley's insurance carrier. Pl. Reply, p. 1 (#23).

Defendant Horace Mann had a contract of insurance with the plaintiff. The insurance contract was entered into between parties in California and was delivered to plaintiff in California. Pl. Resp. to Def. Request for Admissions, p. 2 ("Foster Admissions") (#21-1).

Plaintiff's medical bills exceeded the amount of money he was provided by the two insurance carriers. In this lawsuit, he is seeking "to utilize the insurance coverage for which he has paid the premiums." Pl. Reply, p. 7 (#23). Horace Mann claims that the maximum he could recover under the insurance contract was $100,000, the applicable policy limit.

**(B) Applicable Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Once this initial burden is met, the burden shifts to the nonmoving party. That party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Instead, that party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. <u>Anderson</u>, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" <u>Ricci v. DeStefano</u>, 557 U.S. 557, 586 (2009) (quoting <u>Matsushita v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)). In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." <u>Anderson</u>, 477 U.S. at 252.

**(C) Discussion**

Plaintiff was injured in a car collision while a passenger in another car. He seeks to have his insurance carrier, Horace Mann, abide by the terms of the insurance contract. Plaintiff's arguments center on the availability of coverage under the policy for the injuries plaintiff claims to have suffered in the collision.

From the undisputed facts, it is clear that the plaintiff and defendant Horace Mann contracted for insurance coverage. By plaintiff's own admission, the contract was delivered to the plaintiff in California. Foster Admissions, p. 2.

Plaintiff contends that North Carolina law should apply to the automobile insurance contract. Plaintiff points out that regulation of insurance is a matter of state authority rather than the federal government. Pl. Reply, p. 4 (#23). However, North Carolina courts have long acknowledged a general rule that delivery of an insurance policy determines the laws that will apply to that insurance policy.

The North Carolina Supreme Court has articulated the rule thusly:

the general rule is that an automobile insurance contract should be interpreted and the rights and liabilities of the parties thereto determined in accordance with the laws of the

state where the contract was entered even if the liability of the insured arose out of an accident in North Carolina. With insurance contracts the principle of *lex loci contractus* mandates that the substantive law of the state where the last act to make a binding contract occurred, usually delivery of the policy, controls the interpretation of the contract.

Fortune Ins. Co. v. Owens, 351 N.C. 424, 428 (2000) (internal citations omitted).

Of course, there are exceptions to this general rule. The state has developed a statutory exception to the general rule of *lex loci contractus* under N.C. Gen. Stat. § 58-3-1. See Cont'l Cas. Co. v. Physicians Weight Loss Centers of Am., Inc., 61 Fed. App'x 841, 844 (4th Cir. 2003) (unpublished). This exception is triggered when there is a close connection between North Carolina and the interests insured by the insurance company. Fortune, 351 N.C. at 428. This exception has been applied to a fleet of company vehicles that were maintained and titled in North Carolina. See Collins & Aikman v. Hartford Acc. & Indem. Co., 335 N.C. 91 (1993). Another application of this exception was found when there were thousands of North Carolina consumers in roughly fifty (50) franchise locations and a company had a commercial insurance policy. Cont'l Cas. Co., 61 Fed. App'x. at 844.

This is not the exceptional case. This case is distinguishable on its facts. Both Continental Casualty Company and Collins involved commercial insurance policies. This case involves a non-commercial insurance policy and involved a small number of individuals. See Haugh v. Nationwide Mut. Fire Ins. Co., No. COA13-768, 2014 WL 2126571 (N.C. App. May 20, 2014) (declining to extend Collins to private automobiles titled and registered in another state). This case falls under the general rule. See Fortune, 351 N.C. at 428 ("the mere presence of the insured interests in this State at the time of an accident does not constitute a sufficient connection to warrant application of North Carolina law.").

Accordingly, this insurance contract must be construed under California law as the contract was delivered in California. Under California law, so-called "stacking" of insurance coverage is not allowed. See Cal. Ins. Code § 11580.2. California law provides that multiple uninsured motorist insurance policies—the type of automobile insurance at issue in this case—cannot be combined beyond the limits of the insurance contract's policy. See Cal. Cas. Indem. Exch. v. Pettis, 193 Cal.App.3d. 1597, 1604-05 (1987) ("stacking of uninsured motorist benefits is not permitted in California.").

In this case, plaintiff seeks to "stack" multiple insurance claims. Plaintiff received $30,000 from one insurance carrier and received $70,000 from another carrier. Horace Mann's applicable policy limitation for underinsured motorist insurance coverage was $100,000. See (#21-2), p. 2-3. Under applicable California law, no additional insurance could "stack" beyond the $100,000 policy limitation. See Gov't. Employees Ins. Co. v. Oliver, 192 Cal.App.3d. 12, 20 (1987) (noting that California insurance law was amended in order to codify "the previous case law that prevents the 'stacking' of multiple insurance policies."). As such, $100,000 is the limit of plaintiff's recovery regarding the California underinsured motorist policy involved in this case.

Plaintiff also argues that the Horace Mann policy was ambiguous. Plaintiff describes this alleged ambiguity when "when policies contain language that may be interpreted to allow stacking of uninsured motorist coverages on more than one vehicle in a single policy, insured are contractually entitled to stack." Pl. Resp. p. 6 (#23).

The court declines to read ambiguity into the insurance contract. Not only is California law clear on this issue, but so too is the contract. The contract itself notes "Uninsured Motor

Vehicle Coverages do not stack and/or pyramid." (#21-2), p. 6. The policy also notes that $100,000 is the maximum per person under the "Bodily Injury" category for the contract's underinsured motor vehicle coverage. (#21-2), p. 3.

**(D) Conclusion**

Plaintiff's case is predicated on the ability to claim under the insurance contract. The contract must be interpreted under California law. California law does not allow insurance coverages to stack. The contract also forecloses the ability to stack applicable coverages. Accordingly, both the law and the contract are clear and there is no genuine dispute of material fact. The case is therefore dismissed without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Summary Judgment (#20) is **GRANTED.** The above-captioned case is **DISMISSED** without prejudice.

The Clerk of Court is directed to enter a Judgment dismissing this case.

Signed: November 22, 2016

Max O. Cogburn Jr.
United States District Judge